**UNITED STATES of America,**

v.

**Frederick H. BANKS, Appellant.**

No. 14–1877.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 and for a

Decision on the Issuance of a
Certificate of Appealability,
Oct. 9, 2014.

Opinion filed: Oct. 15, 2014.

Rebecca R. Haywood, Esq., Office Of United States Attorney, Pittsburgh, PA, for United States of America.

Frederick H. Banks, Youngstown, OH, pro se.

Before: AMBRO, JORDAN and KRAUSE, Circuit Judges.

## OPINION

PER CURIAM.

Frederick H. Banks was convicted on charges of mail fraud and criminal copyright infringement (among others), and we affirmed. *See United States v. Vampire*

*Nation,* 451 F.3d 189, 209 (3d Cir.2006). The District Court later denied Banks's motion challenging his convictions and sentence under 28 U.S.C. § 2255, and we denied a certificate of appealability ("COA"). (C.A. No. 06–3671.)

Since then, and by our count, Banks has filed over sixty other motions and petitions with the District Court, and those filings have generated at least seventeen appeals. Some of those filings have been addressed to issues concerning the revocation of Banks's supervised release, the status of which is summarized in the margin.[1] Most of those filings, however, have been addressed to issues related to Banks's underlying convictions and sentences.

Banks has filed, for example, numerous motions and petitions arguing that the evidence against him was fabricated and that the District Court lacked jurisdiction over him for one reason or another. He has also filed motions and petitions seeking monetary damages from virtually everyone involved in his criminal investigation and prosecution. The District Court denied each of these petitions and motions, and we have summarily affirmed and/or denied a COA in each resultant appeal. *See, e.g., United States v. Banks,* 372 Fed.Appx. 237, 242 (3d Cir.2010); *United States v. Banks,* 351 Fed.Appx. 608, 610 (3d Cir. 2009).

At issue here is a motion that Banks captioned in part as a "motion to dismiss for lack of subject matter jurisdiction" and whose caption invokes mandamus and habeas corpus as well. Banks argued that (1) "[a]ll of the evidence in this case was

1. Banks was convicted of additional charges of mail fraud in the separate proceeding at W.D. Pa.Crim. No. 2–04–cr–00176–001. Banks was released from prison into supervised release on May 14, 2013, but, after he continued to commit acts of fraud, the District Court revoked his supervised release in

his 2004 proceeding and sentenced him to prison, where he remains. In the proceeding at issue here, the District Court has stated that it intends to schedule a supervised release violation hearing at an appropriate time. (ECF No. 630.).

completely fabricated"; (2) the Government lacked the authority under 28 U.S.C. § 547(4) to institute his prosecution; (3) he was subject to an illegal arrest, search and seizure in violation of the Fourth Amendment; (4) the District Court violated his equal protection rights; (5) the indictment was procured by fraud; (6) his current detention is illegal; and (7) the District Court's judgment of forfeiture was unauthorized. For relief, Banks requested immediate release from prison and damages in the amount of $5,000,000. The District Court denied the motion on the grounds that, as it and we have explained to Banks before, the District Court has jurisdiction over him and civil claims for monetary relief are not appropriately asserted in this criminal action. Banks appeals.

We agree with the District Court that Banks was not entitled to relief. To the extent that Banks's claims seek relief from his judgment of conviction, they constitute § 2255 "claims." *Cf. Gonzalez v. Crosby*, 545 U.S. 524, 531, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). As we previously advised Banks, the District Court lacks jurisdiction to consider such claims in the absence of this Court's authorization under 28 U.S.C. §§ 2244 and 2255(h) to proceed with a second or successive § 2255 motion. *See Banks*, 351 Fed.Appx. at 609 (citing *United States v. Miller*, 197 F.3d 644, 649 (3d Cir.1999)). Banks asserts in his notice of appeal that he never previously raised the second of the claims set forth above. We will assume that Banks is correct, but the fact remains that he requires our au-

thorization to do so now. We decline to construe Banks's notice of appeal as an application for such authorization because this claim is not based on new law or new facts and thus does not satisfy the § 2244/2255(h) standard. We further note that the claim is frivolous.[2] Finally, as we also previously advised Banks, the District Court properly rejected his attempt to assert civil claims for damages in this criminal case. *See Banks*, 351 Fed.Appx. at 609.

For these reasons, we will affirm the judgment of the District Court. To the extent that a COA may be required, a COA is denied.

---

**2.** The statute on which Banks relies authorizes United States Attorneys to seek the "collection of fines, penalties, and forfeitures incurred for violation of any revenue law," 28 U.S.C. § 547(4), and Banks argues that the prosecutor was not authorized to seek a judgment of forfeiture in his case because he was not charged under a "revenue law." "Revenue laws" aside, however, the statute also confers broad authority on the United States Attorneys to "prosecute for all offenses against the United States." 28 U.S.C. § 547(1). Banks's crimes were "offenses against the United States," he was prosecuted and convicted for those crimes, and the prosecutor was authorized to seek any remedy—including forfeiture—authorized by law.